**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **UNITE HERE Local 23,** | |
| **Plaintiff,** | Civil Action No. |
| **v.** | |
| **Paradies-BZB II, LLC,** | |
| **Defendant.** | |

**COMPLAINT AND PETITION TO COMPEL ARBITRATION**

1.      This is a complaint and petition to compel arbitration under a labor contract.

**PARTIES**

2.      Plaintiff UNITE HERE Local 23 (the "Union") is a labor organization representing employees in industries affecting commerce within the meaning of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, including employees in food service operations.  The Union represents employees in the Eastern District of Virginia.

3.      Defendant Paradies-BZB II, LLC has operated food and beverage concessions at Ronald Reagan Washington National Airport ("DCA") in Arlington County, Virginia, which is in the Eastern District of Virginia.  Paradies-BZB II, LLC is an employer within the meaning of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, because Paradies-BZB II, LLC and the Union are parties to a

contract requiring that disputes under the contract be decided by an arbitrator.

5.  Venue lies within this judicial district pursuant to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

6.  On about February 9, 2017, the Union and Paradies-BZB II, LLC entered into a Memorandum of Agreement (the "Agreement") which pertains to employees working in food and beverage concessions at DCA.  A true and correct copy of the Agreement is attached hereto as **Exhibit A**.  In the Agreement, Paradies-BZB II, LLC is referred to as the "Employer."

7.  Paragraph 1 of the Agreement contains two sentences.  The first sentence of Paragraph 1 reads, "This Agreement shall cover all employees covered in classifications listed in Exhibit A (referred to hereinafter as "Employees") at all of the Employer's food and beverage concessions operations ("Operations") at Reagan National Airport (DCA) which during the term of this Agreement are operated by the Employer."

8.  The second sentence of Paragraph 1 of the Agreement defines the term "Employer" to include other entities in addition to Paradies-BZB II, LLC.  The second sentence of Paragraph 1 reads, "The term 'Employer' shall be deemed to include any sole proprietorship, firm, partnership, corporation, joint venture or other legal entity substantially under the control of the Employer covered by this Agreement, or one or more principal(s) of the Employer covered by this Agreement, or a subsidiary of the Employer covered by this Agreement, or any person, firm, partnership, corporation, joint venture or other form of business organization that has or acquires any right to operate Operations at DCA."

9.  The Union is informed and believes and thereupon alleges that Paradies-BZB II, LLC is a joint venture between The Paradies Shops, LLC and BZB International, Inc., and as

such, The Paradies Shops, LLC is a principal of Paradies-BZB II, LLC.

10.     The Agreement was signed on behalf of Paradies-BZB II, LLC by Karen Suttle as its Senior Vice President.

11.     In February 2015, Paradies-BZB II, LLC entered into a lease for concessions spaces at DCA.  The lease was signed on behalf of Paradies-BZB II, LLC by Gregg Paradies as President and CEO and by Karen Suttle, as Vice President and General Counsel.

12.     The Union is informed and believes and thereupon alleges that Gregg Paradies is, and since February 2015 has been, President and CEO of The Paradies Shops, LLC.  The Union is informed and believes and thereupon alleges that Karen Suttle is, and since February 2015 has been, a Vice President and General Counsel of The Paradies Shops, LLC.

13.     Paradies-BZB II, LLC operated food and beverage concessions at DCA under various names, including Say Si Bon.  Say Si Bon is a registered trademark of The Paradies Shops, LLC.  The Union is informed and believes that thereupon alleges that The Paradies Shops, LLC exercised control over labor and employment matters for the food and beverage concessions at DCA operated under Paradies-BZB II, LLC's lease.

14.     The Paradies Shops, LLC uses the fictious business name "Paradies Lagardere Travel Retail".

15.     The Paradies Shops, LLC d/b/a Paradies Lagardere Travel Retail operates concessions, including food and beverage concessions, at airports throughout the United States, including DCA.  Paradies Lagardere Travel Retail maintains a website at paradieslagardere.com, which states "Paradies Lagardère is a leader in airport concessions, operating more than 700 retail stores, restaurants and bars across 90+ airports" and as of July 6, 2026, listed "Vino Volo" and "Chick-fil-A" as food and beverage concessions that Paradies Lagardere Travel Retail

3

operates at DCA.

16.     Paradies Lagardere @ DCA 2022, LLC leases concessions spaces at DCA where food and beverage concessions known as Vino Volo and Starbucks operates.  The Union is informed and believes that thereupon alleges that The Paradies Shops, LLC exercises control over labor and employment matters for the food and beverage concessions at DCA operated under Paradies Lagardere @ DCA 2022, LLC's lease.

17.     HBF DCA Partners JV, LLC leases the concessions space at DCA where a food and beverage concession known as Chick-fil-A operates.  The Union is informed and believes that thereupon alleges that The Paradies Shops, LLC exercises control over labor and employment matters for the food and beverage concession at DCA operated under HBF DCA Partners JV, LLC's lease.

18.     Paradies-BZB II, LLC, Paradies Lagardere @ DCA 2022, LLC and HBF DCA Partners JV, LLC have each represented in public filings that their principal place of business is 2849 Paces Ferry Road in Atlanta, Georgia.  The corporate headquarters of The Paradies Shops, LLC is also located at 2849 Paces Ferry Road in Atlanta, Georgia.

19.     The Union is informed and believes that Paradies Lagardere @ DCA 2022, LLC is within the definition of the term "Employer" in the second sentence of Paragraph 1 of the Agreement because Paradies Lagardere @ DCA 2022, LLC is a corporation that is substantially under the control of The Paradies Shops, LLC, which is a principal of Paradies-BZB II, LLC.

20.     The Union is informed and believes that HBF DCA Partners JV, LLC is within the definition of the term "Employer" in the second sentence of Paragraph 1 of the Agreement because HBF DCA Partners JV, LLC is a corporation that is substantially under the control of The Paradies Shops, LLC, which is a principal of Paradies-BZB II, LLC.

21.     Paragraphs 2 through 11 of the Agreement set forth procedures that apply if the Union seeks to organize employees at "the Employer's food and beverage concessions operations" at DCA (the "Employees").  Among those procedures is a requirement that the Employer provide the Union with a list of the Employees within ten days of the Union's initial request and "updated complete lists monthly."

22.     On about July 11, 2025, the Union requested a list of all Employees from Paradies Lagardere Travel Retail's Flagship Manager at DCA, including employees working at the Starbucks and Vino Volo concessions operations leased by Paradies Lagardere @ DCA 2022, LLC and at the Chick-fil-A concession operation leased by HBF DCA Partners JV, LLC.  On the same day, the Flagship Manager provided a list of the employees working in the Starbucks and Vino Volo operations.  At the time, the Chick-fil-A operation was temporarily closed, and on about July 28, 2025, the Flagship Manager informed the Union that he had not provided a list of the employees working in the Chick-fil-A operation because it was closed.  The Flagship Manger's name was Dino Venianakis.

23.     On about July 29, 2025, Erik Rodriguez of Greenberg Traurig sent the following email message to the Union: "The company asked me to point out something regarding CFA at DCA, in light of what Dino replied.  It relates to the definition of "Employer" in paragraph 1 of the relevant LPA(s) and the different Paradies legal entities operating at DCA.  While the employee lists for Vino Volo and Starbucks must be provided because they have the same ownership as Paradies-BZB II, LLC, the same is not true for CFA because CFA is owned by HBF DCA Partners JV, LLC, which does not have any principles in common with Paradies-BZB II, LLC."  The Union is informed and believes and thereupon alleges that Erik Rodriguez represents Paradies-BZB II, LLC and The Paradies Shops, LLC d/b/a Paradies Lagardere Travel

5

Retail.

24.     The Union has not been provided with a list of the employee working in the Chick-fil-A operation.  The Union has not been provided with updated lists of the employees working in the Starbucks and Vino Volo operations since the original list was provided in July 2025.

25.     The parties have a dispute over the interpretation and application of Paragraph 1 of the Agreement.  The Union contends that the definition of the term "Employer" in Paragraph 1 of the Agreement encompasses Paradies Lagardere @ DCA 2022, LLC, HBF DCA Partners JV, LLC and The Paradies Shops, LLC, and as a result, that Paragraphs 2 through 11 apply to employees working in the food and beverage concessions leased by Paradies Lagardere @ DCA 2022, LLC and HBF DCA Partners JV, LLC.

26.     Paragraph 14 of the Agreement provides that "any dispute over the interpretation or application of this Agreement shall be submitted to expedited and binding arbitration, with Richard Bloch serving as the arbitrator."

27.     Erik Rodriguez agreed to the Union's request to arbitrate the parties' dispute over the interpretation and application of Paragraph 1 before Arbitrator Block on July 1, 2026.  The Union is informed and believes and thereupon alleges that when Erik Rodriguez agreed to arbitrate, he did so on behalf of his clients Paradies-BZB II, LLC and The Paradies Shops, LLC.

28.     On June 23, 2026, Erik Rodriguez announced that he was cancelling the scheduled arbitration hearing and so notified Arbitrator Block.

29.     On June 26, 2026, counsel for the Union, Erik Rodriguez and a representative of The Paradies Shops, LLC held a virtual meeting with Arbitrator Richard Block.  During that virtual meeting, Erik Rodriguez asserted that the Arbitrator lacked jurisdiction to hear the

6

parties' dispute.  In response, Arbitrator Bloch stated that he would hear the dispute if the Union obtained a court order compelling arbitration.

## FIRST CAUSE OF ACTION

### Order Compelling the Employer to Arbitrate Disputes under the Agreement

30.     The Union incorporates by reference the allegations contained in Paragraphs 1 to 29 as if fully set forth herein.

31.     Paradies-BZB II, LLC's failure and refusal to arbitrate its dispute with the Union over the interpretation and application of Paragraph 1 of the Agreement violates the Agreement because the Agreement provides for arbitration of any disputes over interpretation or application of the Agreement.

## REQUEST FOR RELIEF

Wherefore, the Union prays that this Court:

a.     Enter a judgment in the Union's favor and compel Paradies-BZB II, LLC to arbitrate any disputes with the Union over the interpretation or application of the Agreement, including but not limited to the dispute that has arisen under paragraph 1 of the Agreement;

b.     Award the Union its costs and reasonable attorney's fees expended in bringing this Complaint; and

c.     Award to the Union any and all other relief as this Court deems just and proper.

Dated: July 7, 2026                    Respectfully submitted,


                                       /s/ *Mark Hanna*
                                       Mark Hanna (Virginia Bar No. 45442)
                                       Murphy Anderson PLLC
                                       1401 K Street NW, Suite 300
                                       Washington, DC 20005
                                       Phone: (202) 223-2620
                                       Fax: (202) 296-9600
                                       mhanna@murphypllc.com


                                       Kristin L. Martin, *Pro Hac Vice to be filed*
                                       California Bar No. 206528
                                       McCracken, Stemerman & Holsberry, LLP
                                       475 14th Street, Suite 1200
                                       Oakland, CA 94612
                                       Phone: (415) 597-7200
                                       Fax: (415) 597-7201
                                       klm@msh.law

                                       Counsel for Plaintiff UNITE HERE Local 23